Kevin R. Harper, State Bar No. 019118
Brian A. Stines, State Bar No. 026116
**HARPER LAW PLC**
One North Central Avenue, Suite 1130
Phoenix, Arizona 85004
602.256.6400
krh@harperlawarizona.com
bas@harperlawarizona.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JEFFREY BISSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CRESCENT CROWN DISTRIBUTING, LLC,<br>an foreign limited liability company,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff Jeffrey Bisson, by and through undersigned counsel, for his complaint against Crescent Crown Distributing, LLC, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a former resident of Arizona currently residing in Minnesota.

2. Defendant Crescent Crown Distributing, LLC is a Foreign Limited Liability Company authorized to do business and doing business within the physical boundaries of Maricopa County, Arizona.

3. The events alleged in this complaint occurred in Arizona. Defendant is or was present in Arizona, doing business in Arizona, and/or caused events to occur in Arizona out of which Plaintiff's cause of action arises. The amount in controversy exceeds the minimal jurisdictional amount of this Court.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically the American's with Disability Act.

5. Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claim occurred within this judicial district.

**GENERAL ALLEGATIONS**

6. Plaintiff was employed by Defendant as a Sales Development Trainee for an Infield Sales Position on or about September 11, 2006. Plaintiff continued his employment as a Trainee until October 29, 2007, when Defendant promoted him to Infield Sales Trainer.

7. Plaintiff's primary responsibilities were to train and teach all new and current Sales Representatives regarding Defendant's policies and procedures. Plaintiff was also responsible for merchandising the Defendant's portfolio and providing customer service on assigned routes.

8. At the time Plaintiff applied for employment with Defendant he informed Defendant of his pre-existing medical disabilities. Plaintiff not only informed Defendant on his employment application, but informed Human Resource representatives and his immediate supervisors of his medical conditions.

9. Until December 2008, Plaintiff was able to perform the essential functions of his position as an Infield Sales representative. In or about December 2008, Plaintiff began to feel discomfort in his left knee. This discomfort was consistent with his prior disability due to the deterioration of cartilage tissue in his left knee.

10. Plaintiff was forced to seek medical treatment for his disability and had exploratory knee surgery in December of 2008.

11. Prior to his knee surgery in December of 2008, Plaintiff had been informed of and assured by both Steve Genes and Mike Keenan he would be seriously considered for either a Sales Manager position and/or Heineken Brand Manager position in the near future.

12. Plaintiff returned to work on or about December 22, 2008, only to endure significant pain. Therefore, Plaintiff met with his doctor again on January 6, 2009.

13. Plaintiff returned to work on January 7, 2009, with the aid of crutches along with specific instructions from his doctor limiting his physical activity to allow his knee tissue to recover.

14. Defendant regarded Plaintiff as having a physical impairment that substantially limited his ability to perform the essential functions of his position and told him to go home until they decided what they wanted to do with him.

15. Defendant further informed Plaintiff that effective January 9, 2009, he would be placed on FMLA leave.

16. Subsequent to be being placed on FMLA leave, Plaintiff provided Defendant with a detailed list of restrictions that were effective until late February of 2009.

17. Despite being regarding by Defendant as having a disability and/or the prior record of him having such a disability, Plaintiff nevertheless was capable of performing, with or without reasonable accommodation, the essential functions of the above-referenced Sales Manager and/or Heineken Brand Manager position.

18. On or about February 18, 2009, Plaintiff was re-evaluated by his doctor who informed him his restrictions would need to be extended an additional ninety days. Plaintiff informed Defendant of the same.

19. On or about February 26, 2009, Plaintiff received a letter from Defendant indicating that his FMLA leave would expire on April 5, 2009, and that on April 6, 2009, if Plaintiff was not able to return to work, he was being terminated as of that date.

20. Defendant refused to reinstate Plaintiff to his prior position on the basis that his medical condition was extended for an additional time period beyond the FMLA reinstatement date.

21. Defendant refused to provide reasonable accommodations as requested by the ADA.

22. Upon information and belief, Defendant never considered and/or provided Plaintiff with an opportunity to interview for alternative positions with Defendant that he was qualified for. Specifically, Plaintiff was not considered for the above-referenced Sales Manager and/or Heineken Brand Manager positions.

23. In fact, Plaintiff had been assured by Mike Keenan on or about December 31, 2008, that he would be considered for a Sales Manager position.

24. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) Phoenix District Office, Arizona Civil Rights Division, alleging disability discrimination on or about July 27, 2004.

25. Plaintiff received a right-to-sue letter from the EECO on June 8, 2010.

**COUNT ONE**
**(Violation of Arizona Civil Rights Act)**

26. Plaintiff incorporates all of the foregoing allegations as if set forth fully herein.

27. The aforementioned actions by Defendant constitute, among other things, a violation of the Arizona Civil Rights Act, A.R.S. § 41-1463, *et seq*.

**COUNT TWO**
**(Violation of Family Medical Leave Act)**

28. Plaintiff incorporates all of the foregoing allegations as if set forth fully herein.

29. The above-described actions violate Plaintiff's rights as set forth in the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq*.

30. Further, the above-described retaliatory acts interfered with Plaintiff's exercise of rights protected under the FMLA, in violation of 29 U.S.C. § 2615(a)(1) and (2).

4

31. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff suffered severe financial damages and emotional distress, including but not limited to actual loss of wages and employment benefits, pension benefits, humiliation, loss of his career, and loss of alternative employment opportunities.

### COUNT THREE
### (Violation of Americans with Disabilities Act)

32. Plaintiff incorporates all of the foregoing allegations as if set forth fully herein.

33. The aforementioned actions by Defendant constitute, among other things, a violation of the Americans with Disabilities Act.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial with respect to all claims so triable.

WHEREFORE, Plaintiff requests judgment as follows:

(A) Awarding judgment in an amount to be proven at trial in Plaintiff's favor and against Defendant for all damages provided for under applicable law, including but not limited to compensatory damages, punitive damages, front pay, and back pay, punitive, statutory and liquidated damages;

(B) Awarding Plaintiff interest as provided for by law;

(C) Awarding Plaintiff his costs and attorneys' fees as provided for by law; and

(D) Awarding Plaintiff such further relief as this Court deems just and proper.

DATED this 13th day of August, 2010.

HARPER LAW PLC

By s/ Kevin R. Harper
    Kevin R. Harper
    Brian A. Stines
    *Attorneys for Plaintiff Jeffrey Bisson*